RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2023 OCT 11 AM 8:45

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CARLOS ENRIQUE LOPEZ SOTO,<br>Movant-Petitioner, | § | |
| | § | Civil Case No. 3:21-CV-01071 (DRD) |
| v. | § | |
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent. | § | |
| | § | |

MEMORANDUM OF LAW IN SUPPORT OF AMENDED GROUNDS NUMBERS ELEVEN, TWELVE AND THIRTEEN OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Petitioner Carlos Enrique Lopez Soto, ("Lopez Soto") hereby files his memorandum of law in support of amended grounds numbers Eleven, Twelve, and Thirteen of motion to vacate, set aside or correct sentence. For the following reasons, Lopez Soto conviction and sentence should be vacated, or in the alternative an evidentiary hearing should be granted:

## I. INTRODUCTION

Grounds Eleven, twelve and Thirteen are the continuation of Lopez Soto's valid claims of ineffective assistance of his appellate counsel, and constitutional claims that are presented not only to cure the deficiencies of grounds One, Two, Three, Four, Five, Six, Seven, Eight, Nine and ten, but to adopt the early pleadings and completed with claims or defenses that arose out of the conduct, same transaction or ocurrence in this entire case. See United States x. Rel. D' Agostino v. EV3, Inc, 802 F.3d 188 (1st Cir 2015), quoting Ciccheti v. Lucey, 514 F.2d 326 (1st Cir 1975).

These grounds are extremely important because particularily involves (1) instructional errors of the district court omitted to raised by appellate counsel in direct review, and (2) constitutional claims that if proved, tentatively and facially amounts to a miscarriage of Justice and invalidates Lopez Soto's convictions.

## II. RELEVANT FACTS

1. Lopez Soto's arrest and charges.

Starting in June 04, 2014, Lopez Soto was arrested and charged on multiple indictments for several crimes, including 18 USCS § 922 (g) and § 924 (a) and § 2 (Aiding and Abetting). See Criminals 14-415 (DRD) at Dkt. 20; 14-637 (GAG) at Dkt. 3.

### 2. The Darlene's Ford case.

Prior to Lopez Soto's trial for aiding and abetting in the comission of 924(c)'s and 922(g)'s offenses, the First Circuit decided the Ford case [instructional error review], where Darlene's conviction was vacated because the government failed to prove beyond reasonable doubt that Darle knew that the principal have been previously convicted of a crime punishable by a term of imprisonment which exceeded more than one year of incarceration [knowledge of relevant status]. See <u>United States v. Darlene Ford</u>, 821 F.3d 63 (1st Cir 2016).

### 3. The Instructional Error.

Although Lopez Soto was indicted under the theory that he aided and abetted Garcia in the comission of 924(c) and 922(g)'s offenses, the court failed to properly instruct the jury that to be convicted as an accomplice to the Section 922(g) offense, the government had the burden to show **Not only** that Lopez Soto knew that Garcia possessed a firearm. but also the government had the burden to show that Lopez Soto knew that Garcia has the felon's relevant status when he possessed the firearm. See <u>Jury Trial day Eleven at page 44-47.</u>

### 4. López Soto's refusal to stipulate to the deficient and erroneous jury instruction, and district court judicial notice.

While at the Judge's chambers, the court asked Lopez Soto to stipulate, and admit that he was a convicted felon, but he refused, causing the district court to take judicial notice stating that Lopez Soto was a convicted felon for a crime

that exceed one year of incarceration. See <u>Criminal 14-415 Dkt 432 at 59.</u>

### 5. The jury Verdict.

On December 19, 2016, in part, as a result of the District Court's instructional error, the jury returned a guilty verdict on all counts.

### 6. Appointment of Appellate Counsel.

When the appeal process began, the Court appointed counsel German Reickhoff ("German") to represent Lopez Soto.

### 7. Lopez Soto's multiple attempts to get his appellate counsel's attention in the instructional error's issues.

Starting on December 01, 2017, Lopez Soto sent multiple emails to counsel German requesting his review of the 922 (g)'s counts of conviction, explaining his <u>correct belief</u> that the court committed and instructional error on said counts, and asking to raise the instructional error in light of a First Circuit case <u>United States v. Latorre Cacho, 2017</u>, warning counsel that if he fail to raise it, Lopez Soto would do it by his self. See <u>Lopez Soto's affidavit in support of this grounds.</u>

### 8. Counsel Appellate's brief omissions and errors.

After reviewing the appellate's brief, Lopez Soto found that overlooking the case law of the First Circuit, German raised an issue stating that the evidence was insufficient to establish the requisite of knowledge for the firearm convictions,

arguing that to show aider and abettor liability, the government must prove that Lopez Soto's knew to a "practical certainty" that Garcia would use a weapon during the comission of the crime. Fundamentally ommitting that to show aider and abettor liability, the government must also prove Lopez Soto's knowledge of Gracia's relevant felon status, failing to raise appropriately this issue as an instructional error issue. See <u>appellate's brief at 48.</u> see also <u>Ford at 821 F.3d 63.</u>

> 9. Lopez Soto's finding of rehaif's case, his exparte letter, and counsel's refusal.

Further, concerned about his counsel's failure to raise the instructional error issue and trying to find a solution for his legal problems, he researched case law, and found that the Supreme Court granted certiorari in <u>Rehaif</u>, ruling in the element of knowledge necessary to upheld 922 (g) convictions. This finding caused Lopez Soto to promptly filed an exparte letter to his appellate counsel, requesting him to raise the instructional error in light of <u>Rehaif</u>, but he refused to do so. See <u>Lopez Soto's Affidavit in support of this grounds.</u>

> 10. Motion to compel appellate Counsel and its denial.

Concerned about the impact of <u>Rehaif's</u> case in his appeal, and worried for his counsel refusal to raise the potential issue of instructional error, Lopez Soto filed a motion in the court of appeals requesting them to compel or order his appellate counsel to incorporate the <u>Rehaif's</u> case into his appellate brief, but the Court of appeals denied the motion. <u>Id.</u>

11. Rehaif's pro se motion, and its denial.

While his appeal was pending, Lopez Soto filed a motion asking the appeal's court to vacate his 922(g) convictions in light of <u>Rehaif</u>, but the court of appeals denied his request.

12. Court of Appeal's decision.

As a result of Appellate Counsel's error and omissions, on May 21, 2020, the court of appeal's denied the entire grounds of the appellate and pro se briefs, by equivocally holding that to be convicted as an accomplice to the Section 922(g)'s offenses, the government only had the burden to show that Lopez Soto knew that Garcia possessed a firearm, ommitting that the government also had the burden to show that Lopez Soto knew the relevant felon status of Garcia. see <u>United States v. Carlos Enrique Lopez Soto,</u> 960 F.3d 1 (1st Cir 2020); see <u>also Ford's case.</u>

### III. ARGUMENT

#### 1. Grounds Legally Amended

**Ground Eleven**

Appellate Counsel German Rieckehoff provided constitutionally ineffective assistance of counsel by failing to raise an issue regarding the deficient jury instruction in Lopez Soto's 922(g) convictions where the district court erred by ommitting in the jury instructions the element of knowledge of the offense, and illegally replaced with a Judicial notice.

**Ground Twelve**

Lopez Soto's Sixth Amendment right to effective assistance was violated by his appellate counsel failure to raise an issue in regards to the instructional error in light of Rehaif, while Lopez Soto's direct appeal was still pending.

### Ground Thirteen
Whether Lopez Soto's 922(g) convictions and sentence are invalid in light of Rehaif's case.

### 2. Standard of Review

A claim of ineffective Assistance of Appellate Counsel is evaluated under the same standard as for trial counsel. See Thompson v. Spencer, 111 Fed Appx. (1st Cir 2004). In order for Lopez Soto to prove that his appellate counsel was ineffective, he must demonstrate (1) Counsel's permorance falls below an objective standard of reasonableness, and (2) he is prejudiced by counsel's error. See Strickland v. Washington, 466 US 668 687 8 LEd 2d 674 104 SCt 2052 (1984).

Selection of the proper issues is one of the most important parts of appellate advocay. See Evitts v. Lucy, 105 SCt. 830 (1985). Appellate counsel is required to select the best claims to maximize the likelihood of their success in the merits. See Latimore v. Dubbois, 311 F.3d 46 (1st Cir 2002).

"An attorney's ignorance of a point of law that is fundamental to his case combined with failure to perform basic research on that point, is a quintessential example of unreasonable performance under Strickland, see Hinton v. Alabama, 143 SCt. 1089 188 LEd 2d (2014).

A defendant's appellate counsel performs deficiently by ignoring issues that are clearly stronger than those presented, see Smith v. Robbins, 582 US 259 120 SCt 746 (2000). Forgoing an argument is not a reasonable strategic decision when there is

absolutely no "downside" to objecting to an error, See <u>Prou v. United States</u>, 199 F.3d 37 (1st Cir 1999), or when the ommitted argument would not detract [] from "but would" "build upon" another challenge, see <u>Cirilo Munoz v. United States</u>, 404 F.3d 527 (1st Cir 2005).

### Ground Eleven
**APPELLATE COUNSEL GERMAN RIECKEHOFF PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO RAISE AN ISSUE REGARDING THE DEFICIENT JURY INSTRUCTION IN LOPEZ SOTO'S 922(g) CONVICTIONS, WHERE THE DISTRICT COURT ERRED BY OMMITTING IN THE JURY INSTRUCTIONS THE ELEMENT OF KNOWLEDGE OF THE OFFENSE, AND ILLEGALLY REPLACED WITH A JUDICIAL NOTICE.**

In order to establish criminal liability under 18 USCS § 2 for aiding and abetting criminal behavior, and subject to several caveats, the government need prove beyond a reasonable doubt that the putative aider and abettor knew the facts that make the principal's counduct criminal, in other words, the government had to prove that the accomplice knew that the principal had previously been convicted of a crime punishable by more than a year in prison. Therefore if the district court instructs the jury otherwise on the element of the aiding and abetting offense, the district court committs an instructional and reversible error.

Within this ground are two questions before this court: (1) Whether appellate counsel's performance was deficient by failing to raise the district court's instructional error in Lopez Soto's 922(g) convictions, and (2) Whether Lopez Soto was

prejudiced by counsel's failure. As discussed below, the answer is "YES" to both:

### A. Appellate Counsel's Performance was deficient.

Here, by failing to raise the district court's instructional error [_____] Lopez Soto correctly argues that his appellate counsel performance fell below an objective standard of reasonableness. This true allegation is not conclusory, but also is fully supported by the criminal record, specifically by the trial transcript containing ample evidence of the district court's failure to properly instruct the jury that in order to be convicted as an accomplice to the Section 922(g) offense, the government had the burden to show not only that Lopez Soto knew that Garcia possessed a firearm, but also the government had the burden to show that Lopez Soto knew that Garcia has the felon's relevant status when he possessed a firearm. See <u>Jury trial day Eleven at pages 44-47</u>.

Here, Lopez Soto contends that his appellate counsel performs deficiently by forgoing an argument for instructional error, in regards to the knowledge of the felon's relevant status, and in its place incompetently argued in regards to the sufficiency of the evidence in the knowledge of the use of a weapon during the comission of the crime. <u>Id. at Prou v. United States</u>, 199 F.3d; <u>Cirilo Munoz v. United States</u>, 404 F.3d, see also <u>Appellate brief at 48</u>.

---

In this case, any reasonable attorney handling Lopez Soto's appeal would have known the Darlene Ford's case,[1] where Darlene's conviction was vacated because the district court erroneously instructed the jury in the element of knowledge of Aiding and abetting in the comission of 922(g)'s offenses, causing the government's failure to prove beyond a reasonable doubt that Darlene knew that the principal have been previously convicted of a crime punishable by a term of imprisonment which exceeded more than one year of incarceration. Id. at Ford, 821 F.3d 63. Here, the issue of deficient performance turns on whether any competent attorney aware of the instructional error's issue under Ford case, would have eschewed it on appeal.

Here, even under Strickland deferential standard, the record compels the conclusion that by failing to raise the district court instructional error, Lopez Soto's appellate counsel performed in an objectively unreasonable fashion. First Strickland prong.

> B. Appellate counsel's Substandard performance prejudiced the outcome of Lopez Soto's proceedings.

To prove prejudice, Lopez Soto must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland, see also United States v. Natanael, 983 F.2d

---

[1] The Darlene's Ford case was available since 2016, this is around three Years before the appellate's brief.

302 (1st Cir 1999); <u>United States v. Mala</u>, 7 F.3d 1058 (1st Cir 1993). Here, Lopez Soto contends that he was highly prejudiced by his appellate counsel's failure to raise the instructional error issue.

There can be no doubt that had appellate counsel attack the deficiency of the jury instruction on the element of knowledge on the aided and abetted comission of 922(g) offenses, where Lopez Soto should know that Garcia has the felon relevant status when he possessed a firearm, the court of appeals would vacate Lopez Soto's conviction, basing its decision in the Ford's case. <u>Id. at Ford</u>, 821 F.3d 63; <u>Natanael</u>, 983 F.2d 302.

Accordingly, because Lopez Soto has established that Appellate counsel was ineffective by failing to raise the district court's instructional error, it goes without saying that Lopez Soto was prejudiced. <u>Id</u>.

### Ground Twelve
**LOPEZ SOTO'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE WAS VIOLATED BY HIS APPELLATE COUNSEL FAILURE TO RAISE AN ISSUE IN REGARDS TO THE INSTRUCTIONAL ERROR IN LIGHT OF REHAIF, WHILE LOPEZ SOTO'S DIRECT APPEAL WAS STILL PENDING.**

Applying the word "Knowingly" to Lopez Soto's status in 18 USCS § 922(g), helps to separate his wrongful acts from his innocent acts. It is therefore, Lopez Soto's status, and no his conduct alone, that makes the difference. Without knowledge of that status, Lopez Soto may well lack the intent needed to make his behavior wrongful, under this circumstance, Lopez Soto's behavior may instead be an innocent mistake to which criminal

sanctions do not attach. In <u>Rehaif v. United States</u>, 588 US 139 SCt. 204 LEd 2d 549 (2019), the Supreme Court held that in prosecutions under 18 USCS § 922(g), the government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm.

Whitin this ground, are two questions before this Court: (1) Whether appellate counsel's performance fell below an objective standard of reasonableness by failing to raise an issue in regards to the instructional error in light of <u>Rehaif</u>, and (2) Whether Lopez Soto was prejudiced by counsel's failure. As discussed below, the answer is YES to both:

> A. Appellate counsel's performance fell below an objective standard of reasonableness.

Here, Lopez Soto maintains that by failing to raise an issue in regards to the instructional error in light of <u>Rehaif</u>, his appellate counsel performed deficiently.

Here, the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of the instructional error, where the district court failed to instruct the jury that in felon-inpossession cases the government must prove not only that Lopez Soto knew he possessed a firearm, but also, that he knew he was a felon when he possessed the firearm. <u>Id. at Rehaif</u>, see also <u>Jury Trial Transcript, day Eleven</u>.

In this case Lopez Soto's affidavit shows his multiple attempts to convince his appellate counsel in order to raise the instructional error's issue in light of <u>Rehaif</u>, while his appeal

was still pending. See <u>Lopez Soto's Affidavit in support of these grounds</u>.

Ultimately, appellate counsel opted to forgo an obviously serious preserved jury instructional error in light of <u>Rehaif</u>, in favor of two dobious and poor challenges. That choice resembles rejecting a <u>lifeboat</u> in favor of <u>two lili pads</u>. See <u>Mala</u> at 7F.3d 1058, see also <u>appellate's brief</u>. Therefore, appellate's counsel's poor chocie at this point amounts to a deficient performance required under <u>Strickland</u>. See <u>United States v. Minor</u>, 2023 U.S App. LEXIS 7167 (1st Cir 2023).

B. Lopez Soto was prejudiced by Counsel's failure.

Lopez Soto's prejudice is patently evident. The jury was erroneously instructed, and is totally unambiguos that without knowledge of his status, Lopez Soto lack the intent needed to make his behavior wrongful, therefore, his behavior was an innocent mistake to which criminal sanctions normally do not attach. <u>Id at Minor</u>, quoting <u>Rehaif</u>. Undoubtedly, <u>Rehaif</u> was a true sure winner case, and the failure to raise it, lead to a potential punishment over and above what the government's proof actually sustains.

Here, is no doubt that had appellate counsel raise the instructional error's issue under <u>Rehaif</u>, the Appeals Court would vacate Lopez Soto's 922(g) convictions.

Accordingly, Lopez Soto's was highly prejudiced by his appellate counsel's failure. Id at <u>Minor</u>; see also <u>Rehaif</u>.

## Ground Thirteen
### WHETHER LOPEZ SOTO'S 922(g) CONVICTIONS AND SENTENCE ARE INVALID IN LIGHT OF REHAIF'S CASE.

As outlined before, following <u>Rehaif</u>, in order to convict under 18 USCS § 922(g), the government must prove not only that the defendant knew, he possessed a firearm but also that he knew he <u>was a felon</u> when he possessed the firearm, establishing as a fundamental principle that <u>"Is the defendant status, and no his conduct alone, that makes the difference</u>. Id at <u>Rehaif</u>.

In Lopez Soto's case, is <u>transparent</u> the fact that the district court failed to instruct the jury in regards to Lopez Soto's knowledge of his relevant status. see <u>Day Eleven of Jury Trial Transcript</u>.

A conviction unsupported by proof beyond a reasonable doubt deprives a defendant of due process of law. See <u>U.S Constitution, Amendment V</u>; see also <u>Jackson v. Virginia</u>, 443 US SCt 307 (1979); <u>In re Winship</u>, 397 US SCt 358 (1970).

The due Process clause protects the accused against a conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. Therefore, denying the defendant an opportunity to contest essential facts at trial, infringes the right to have a jury determine whether the presumption of innocence have been overcome. Id. <u>at U.S Constitution Amendment VI</u>.

Here, because Lopez Soto was tried and convicted in derogation of the Rule announced in <u>Rehaif</u>, and in violation of the U.S Constitution. His conviction must be vacated.

## IV. IN THE ALTERNATIVE, LOPEZ SOTO REQUESTS AN EVIDENTIARY HEARING.

The district court in which 28 USCS § 2255 is filed, is required to hold a prompt hearing on the matter unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. See <u>Cirilo Munoz v. United States</u>, 404 F.3d 527 (1st Cir 2005).

However, Lopez Soto is entitled to an evidentiary hearing on his Section 2255 motion, if he presents "independent indicia of the likely merit of his allegations". Id. <u>at Prou</u>, 199 F.3d 37.

Therefore, an evidentiary hearing is required on grounds Eleven and twelve properly argued and developed by Lopez Soto in this Memorandum of law. <u>Id.</u>

Here, Lopez Soto submits that, if the court is going to make a judicial decision based on the affidavits submitted by the parties, than the decision should be in his favor, because Lopez Soto has presented substantial evidence fully supported and corroborated by his own affidavit attached hereto and heavily proved by the district court Criminal and Appeal record. <u>Id.</u> see also, <u>Lopez Soto's affidavit in support of these grounds</u>.

Accordingly, because Lopez Soto's allegations are so inherently credible and are not vague or conclusory, or contradicted by the record, they are sufficient to support the claims raised in the instant Memorandum. See <u>Machidobra v. United States</u>, 368 U.S SCt 494 (1962); <u>Smith v. Robbins</u>, 746 SCt 120 (2000).

## CONCLUSION

In light of the foregoing, Lopez Soto respectfully asks this Honorable Court to GRANT the instant motion by vacating his sentence and conviction.

Dated on August 30, 2023                    Respectfully Submitted,

*Carlos Lopez Soto*

Carlos Enrique Lopez Soto

## CERTIFICATE OF SERVICE

I, Carlos Enrique Lopez Soto, certify that, on this day of August 30, 2023, I served a copy of the foregoing motion to leave to amend grounds Eleven, Twelve and Thirteen, with Memorandum of law in support, Affidavits and Exhibits, to U.S Attorneys Office, Torre Chardon Suite 1201, 350 Chardon Ave. San Juan Puerto Rico, by utilizing the Prison legal Mail System using first class prepaid postage. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

*Carlos Lopez Soto*

Carlos Enrique Lopez Soto
Reg. No. 44424-069
USP Terre Haute
P.O Box 33
Terre Haute, IN 47808